MANUEL MARTORELL, Plaintiff and Appellant, *v.* CRÉDITO & AHORRO PONCEÑO, INC., Defendant and Appellee.

No. 6853. Argued November 5, 1936.—Decided November 2, 1937.

R. *Rivera Zayas* for appellant. M. *Marcos Morales* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Martorell appeals from a judgment in his favor for nominal damages.

The first assignment is that the district court erred in passing upon the alleged fraudulent and simulated character of certain transfers of property sold as the result of a void summary foreclosure proceeding. The theory of the assignment is that the decision of this Court in *Martorell* v. *Crédito y Ahorro Ponceño*, 42 P.R.R. 632, established by necessary implication the fact that Martorell had suffered some damages and thereby left open for determination by the district court only the question as to the amount of such damages. The decision of this Court on the former appeal is now, of course, the law of the instant case. This Court may or may not have assumed on the former appeal, as the district court apparently did assume on rendering the judgment now before us, that the bank was liable at least for nominal damages. We find nothing in the previous opinion of this Court, viewed in the light of the pleadings and the evidence adduced at the former trial, to indicate that this Court either assumed or decided directly or indirectly that Martorell had sustained any actual damages. On the contrary, the opinion, construed in the light of the pleadings and facts before us at the time, points clearly to the conclusion that this Court deliberately left open for decision in the first instance by the district court, both the question as to actual damages *vel non* and the question as to the amount of such damages, if any.

 The second assignment is that the district court erred and exhibited partiality and prejudice in finding: that the transfer of the property to the purchaser at the foreclosure sale and the transfer by such purchaser to a brother-in-law of Martorell were simulated and fraudulent, the outcome of a conspiracy between Martorell, his attorney, his brother-in-law, and the ostensible purchaser at the foreclosure sale; that Martorell was the real owner of the property; that Martorell had sustained only nominal damages. The argument is in substance that the district judge in his statement of the case and opinion relied in part upon a transcript of the evidence adduced at the former trial but not introduced in evidence at the subsequent hearing.

Appellant assumes but fails to show that, in the absence of any express agreement between the parties, the district judge, was not at liberty to consider the evidence originally introduced. We shall not stop here to challenge the soundness of this theory. From the stenographic report of the evidence introduced at the second hearing, we take the following extract:

"DEFENDANT: I accept the offer of my colleague, that he admits the capacity as an expert of the engineer, Sergio Cuebas and that he would testify exactly in the same manner as to that report, and which has been done by mutual agreement. He also admits that he has had several years of experience, that he has worked on houses, constructions and public works, and that he would make a report exactly identical to this one, and make jointly with the other engineer, who has just testified. My colleague admits, besides, that the witness, Rudolph E. Fells, would testify as it appears from the record, that is, the testimony which he previously gave and is now in the record, is admitted,—the same questions and answers as in his previous testimony. My colleague also agrees that the remaining testimony, that of Mrs. Margarita Umpierre and Mrs. Heraclia Sánchez, presented by us and which appears in the stenographic record, be reproduced now in the same form. We accept that stipulation.

"PLAINTIFF: We accept that.

"DEFENDANT: Of course, we shall take off the record from the

Supreme Court, so as to bring it here. We also propose a view of the premises. That is our case.

"PLAINTIFF: We have Mr. Rodríguez as proof in rebuttal. We could present the testimony which appears from the record.

"DEFENDANT: No objection.

"PLAINTIFF: Then as proof in rebuttal we offer the deposition of my colleague, Francisco Rodríguez Alverio, which is included in the stenographic record.

"DEFENDANT: Admitted.

"PLAINTIFF: That is our case.

"The testimony offered by the defendant is as follows:

". . . . . . . . . ."

Counsel for Martorell made no objection to the statement by defendant's attorney that he would, of course, detach from the record of the previous appeal the transcript of the evidence and submit it to the district judge. The judge apparently understood that by tacit consent of the parties or otherwise he was free to examine and consider the entire transcript. In any event, there was, we think, enough in the evidence formally introduced at the second hearing to justify the gist of the conclusion reached by the district judge. The error, if any, furnishes no satisfactory ground for a reversal.

■ The third, fourth and fifth assignments are that the district court erred: in rendering plaintiff's claim for damages and in not rendering judgment in plaintiff's favor for an adequate amount as damages; in rendering judgment for nominal damages instead of actual damages; in not awarding costs to plaintiff.

The argument under the third assignment, as far as the question involved has not been already disposed of, is based on a showing by plaintiff as to the value of the property sold at the foreclosure sale. In view of the conclusion reached by the judge as to the non-existence of any actual damages, any question as to the value of the property became academic, and there was no reason why he should have rendered judgment for actual damages in an amount commensurate with the value of the property.

██ The contention under the fourth assignment is that the law in Puerto Rico does not authorize a judgment for nominal damages. If appellant is correct in this, the result would be that the judgment of the district court should be modified so as to deprive appellant of the one dollar to which he is entitled under that judgment. Appellant may accomplish the same result by waiver of his right to collect or by a refusal to accept the amount of the judgment if appellee should attempt a voluntary payment.

In view of the conclusion reached by the district judge, we find no abuse of discretion in his refusal to mulct defendant in costs.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.